UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PETER ROLFE and RHONDA ROLFE, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> BIOMET, INC.; BIOMET ) <br> ORTHOPEDICS, LLC; MOHAMMAD ) <br> HAQUE, M.D.; and KINDRED ) <br> HOSPITALS EAST, LLC, ) <br> ) <br> Defendants. ) | Case No. 4:14CV00738 AGF |

## MEMORANDUM AND ORDER

This action is before the Court on Plaintiffs' motion to remand this case to the state court from which it was removed, due to lack of subject matter jurisdiction. Plaintiffs are husband and wife who assert products liability claims against two non-Missouri Defendants, and medical negligence claims against a Missouri Defendant and a non-Missouri Defendant. For the reasons set forth below, the claims against the two sets of Defendants shall be severed and Plaintiffs' motion to remand shall be denied as to the products liability claims and granted as to the medical negligence claims.

## BACKGROUND

On February 24, 2014, Plaintiffs Peter Rolfe and Rhonda Rolfe filed this action in Missouri state court. They allege that on December 6, 2010, Peter Rolfe underwent surgery to have a reverse shoulder system manufactured by the Defendants Biomet, Inc., and Biomet Orthopedics, LLC, ("the Biomet Defendants"), implanted into his left

shoulder. Within the next 14 months, two of the screws from the reverse shoulder system fractured causing Peter Rolfe to undergo numerous additional surgeries which led to postoperative infections and medical bills in excess of $590,000. Plaintiffs assert various products liability claims against the Biomet Defendants linked to the manufacturing of the reverse shoulder system.

Plaintiffs further allege that in February and March of 2012, Defendants Kindred Hospitals East ("Kindred") and Mohammad Haque, M.D., committed medical negligence when they improperly prescribed and injected Lovenox[1] into Peter Rolfe's left thigh muscle. Plaintiffs demand that Kindred and Haque each pay $25,000 in damages for the excessive pain and suffering they caused Peter Rolfe.

It is undisputed that Plaintiff Peter Rolfe is a citizen of Illinois; Plaintiff Rhonda Rolfe is a citizen of Missouri; Defendant Kindred is a Delaware Corporation with its principal place of business in Kentucky; Defendant Haque is a citizen of Missouri; and the Biomet Defendants are citizens of Indiana.

The state court file indicates that on March 14, 2014, Biomet Orthopedics, LLC, was served with the state court petition; on March 17, 2014, Kindred was served; and on March 21, 2014, Biomet, Inc. was served. Haque has not yet been served. On April 9, 2014, Kindred filed an answer. On April 14, 2014, the Biomet Defendants removed the action to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C.

---

[1] Lovenox is an anticoagulant indicated to help reduce the risk of developing deep vein thrombosis.

2

§ 1332(a)(1). They stated in their notice of removal that "there had been no proceedings in this action in the Circuit Court of the County of St. Louis, Missouri nor have any of the named Defendants filed responsive pleadings or otherwise pleaded to Plaintiffs' petition." (Doc. No. 1.)

The Biomet Defendants further asserted in their notice of removal that there was complete diversity in this case because Kindred and Haque were misjoined in the action and therefore Haque's Missouri citizenship is irrelevant for removal purposes. They argue that Plaintiffs' claims against Kindred and Haque were misjoined because those claims are factually and legally distinct from the claims against the Biomet Defendants, and thus fail to meet the permissive joinder requirements of Federal Rule of Civil Procedure 20(a)(2). The Biomet Defendants argue that the Court should sever Plaintiffs' claims against Kindred and Haque from Plaintiffs' claims against the Biomet Defendants pursuant to Rule 21, and dismiss Kindred and Haque without prejudice or remand the claims against Kindred and Haque to state court. This would leave this Court with diversity jurisdiction over the products liability claims. Kindred consented to removal on April 28, 2014.

For remand, Plaintiffs argue that pursuant to the federal permissive joinder rules, Plaintiffs are allowed to join all the named Defendants because Plaintiffs' claims for relief against them arise out of the same transactions or occurrences and give rise to common questions of law or fact as required by Rule 20(a)(2). Plaintiffs explain that Peter Rolfe was prescribed and injected with the Lovenox in his left thigh when he was hospitalized after having the reverse shoulder system removed from his left shoulder.

They explain that the Lovenex injection was part of "postoperative treatment" made necessary by the Biomet Defendants' "improper acts," and that it caused Peter Rolfe extreme pain, extended his need for medical care, and prolonged his recovery time.

Plaintiffs state that misjoinder has not been recognized by the Eighth Circuit as a basis for removal without a showing of "egregious" misjoinder. They argue that the Court should not sever the claims because severance will cause unjust prejudice to Plaintiffs forcing them to litigate two separate actions regarding the same events, and may lead to inconsistent judgments. Plaintiffs note that without severance of the claims, there is not complete diversity, and thus the entire case should be remanded.

Additionally, Plaintiffs argue that their motion to remand should be granted because the Biomet Defendants "waived" any right of removal when Kindred filed an answer in state court prior to removal, as this made unanimous consent to removal impossible. Plaintiffs maintain that Kindred's consent to removal was too late and should be disregarded.

In further support of their motion to remand, Plaintiffs assert that the Biomet Defendants failed to comply with Local Rule 81-2.03(4) (requiring removing defendants to file with the notice of removal "a copy of all process, pleadings, orders and other documents then on file in State Court") when they did not include a copy of Kindred's answer with their notice of removal. They argue that this failure to comply with the Local Rules is sufficient for remand given the strict construction of removal statutes.

In response to Plaintiffs' motion to remand, the Biomet Defendants raise three arguments. First, they assert, as they did in their notice of removal, that the Court should

4

sever and remand the claims against Kindred and Haque to state court and retain jurisdiction over the claims against the Biomet Defendants because Kindred and Haque were fraudulently misjoined in an attempt to destroy federal subject matter jurisdiction and keep the action in state court. They maintain that the evidence for Plaintiffs' medical negligence claims against Kindred and Haque will be separate from the evidence for the products liability claims against the Biomet Defendants. The Biomet Defendants argue that a showing of an "egregious" attempt to avoid federal court should not be required, and even if it is, the standard is met here because the joined claims are not related, and in light of the litigation history of Plaintiffs' claims. The Biomet Defendants note that Plaintiffs first filed an action in state court on February 11, 2013, against the Biomet Defendants, the physician who implanted the shoulder system, and Kindred. The physician and Kindred were dismissed by Plaintiffs, and the Biomet Defendants removed the action to this Court on September 13, 2013. The case proceeded for five months – through scheduling and a submission of a confidentiality agreement to the Court – at which point Plaintiffs dismissed the case without prejudice. Five days later, Plaintiffs filed the present action in state court. According to the Biomet Defendants, "rather than file a separate action in state court against Kindred and Haque, Plaintiffs attempted to avoid this tribunal by dismissing the federal case and refiling against misjoined parties in state court."

Second, the Biomet Defendants assert that Plaintiffs' argument that Kindred waived the Biomet Defendants' statutory right to removal when it filed an answer in state court "goes against black letter law" and should be rejected. Third, they assert that they

5

complied with Local Rule 81-2.03(4) because they had not been served with Kindred's answer at the time when the notice of removal was filed.

In their reply, Plaintiffs assert that the litigation history noted above does not show an attempt to avoid the federal courts.

## DISCUSSION

Removal statutes are strictly construed and any doubts about the propriety of removal are to be resolved in favor of remand. *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009); *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). Federal district courts have diversity jurisdiction over all civil actions in which the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Courts interpret this statute to require complete diversity between all plaintiffs and all defendants. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). The removing party, as the party invoking federal jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied. *Green v. Ameritrade, Inc.*, 279 F.3d 590, 596 (8th Cir. 2002).

Under the federal rules, plaintiffs are allowed to join whomever they like as defendants if the right to relief against them arises out of the same transaction, occurrence, or series of transactions and occurrences and gives rise to a common question of law or fact. Fed. R. Civ. P. Rule 20(a)(2). Courts have long recognized fraudulent joinder, *i.e.*, joining a non-diverse defendant against whom the plaintiff does not have a viable claim, as an exception to the complete diversity requirement. A more recently

developed exception to the complete diversity requirement is "fraudulent misjoinder." *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (citations omitted). "Fraudulent misjoinder occurs when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a non-diverse party . . . even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other." *Id*.

At least two circuits have adopted this doctrine, as have many district courts. *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *In re Benjamin Moore & Co.*, 309 F.3d 296 (5th Cir. 2002); *Stone v. Zimmer, Inc.*, No. 0980252 CIV DTKH, 2009 WL 1809990, at *2 (S.D. Fla. June 25, 2009); *Hughes v. Sears, Roebuck & Co.*, No. 2:09CV00093 JPB, 2009 WL 2877424, at *5 (N.D. W.Va. Sept. 3, 2009) ("Where a non-diverse party cannot be properly joined under the Federal Rules of Civil Procedure, the defendant's right of removal should prevail over that of permitting a plaintiff's choice of forum".).

Of those courts, some have found that fraudulent misjoinder requires a finding of both misjoinder and a bad faith or "egregious" attempt to avoid the federal courts, while other courts have declined to apply the more stringent "egregious" standard when considering motions to remand. *In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.*, No. 0701487 DWF, 2007 WL 2572048, at *3 (D. Minn. Aug. 30, 2007) (citing cases); *In re Stryker Rejuvenate & ABG II Hip Implant Prods. Liab. Litig.*, No. 1301811 DWF, 2013 WL 6511855, at *4-5 (D. Minn. Dec. 12, 2013). When fraudulent

misjoinder is found, courts typically will sever the claims, remand the non-diverse parties to state court and retain jurisdiction over the claims against the diverse parties. *See, e.g., Hughes*, 2009 WL 2877424, at *7.

The Eighth Circuit has not yet determined whether removal based on diversity of citizenship can be thwarted by fraudulent misjoinder. In *In re Prempro*, that Court acknowledged the doctrine of fraudulent misjoinder, but specifically declined to either adopt or reject it, because in that case the defendant drug manufacturers failed to meet their burden of establishing that the multiple plaintiffs' claims that the drugs in question caused breast cancer were "egregiously misjoined." The Court stated that the claims were "logically related," and the litigation was "likely to contain common questions of law and fact," such as the causal link between the drugs and breast cancer. *In re Prempro*, 591 F.3d at 622-24. Accordingly, the Court denied the defendants' motion to remand based on fraudulent misjoinder.

Based on this language in *In re Prempro*, this Court believes that the Eighth Circuit would have a district court that decides to adopt the doctrine apply the "egregious" standard. Here, the Court concludes that the misjoinder of the diverse and non-diverse medical malpractice Defendants with the completely diverse products liability Defendants meets this standard. The products liability and medical malpractice claims are factually and legally distinct and will require different evidence. Plaintiffs' medical negligence claims against Kindred and Haque will require evidence on the care and treatment Peter Rolfe received when he was hospitalized in 2012, while Plaintiffs' products liability claims against the Biomet Defendants will require evidence on the

8

design and manufacturing of the reverse shoulder system and any warnings accompanying the device.

In the complaint, the relation between the two types of claims is not evident, and even with the explanation offered later by Plaintiffs, the connection of the alleged defect in the shoulder system, and the injection of Lovenox in Peter Rolfe's left thigh remains tangential. Indeed, there is a minor overlap in Plaintiffs' claims against the two sets of Defendants in that the reason Peter Rolfe was in the hospital in 2012 was allegedly because the reverse shoulder system cracked, but this is not enough to overcome the distinct nature of the joined claims. Further, the litigation history noted above supports the Court's conclusion that the misjoinder here was in bad faith to avoid a federal tribunal.

Accordingly, the Court will sever the claims against the Biomet Defendants from the claims against Kindred and Haque in order to preserve the Biomet Defendants' statutory right of removal. The Court will remand the medical negligence claims to state court, and retain jurisdiction over the products liability claims, there being complete diversity with respect to Plaintiffs' claims against the Biomet Defednants.

The Court rejects Plaintiffs' contention that the Biomet Defendants "waived" their right of removal when Kindred filed an answer in state court. As noted above, Kindred was served before Biomet, Inc., one of the removing Defendants, and consented to removal two weeks after removal. This comports with §1446(b)(2)(C), which provides that "[i]f Defendants are served at different times, and a later served defendant files a

9

notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."

Furthermore, because Kindred was misjoined, its consent to removal was not necessary and had no effect on the Biomet Defendants' ability to remove. *See In re Guidant Corp*, 2007 WL 2572048, at *4; *cf. Roberts v. Palmer*, 354 F. Supp. 2d 1041, 1046 (E.D. Mo. Jan. 27, 2005) (explaining in the context of fraudulent joinder that a "plaintiff may successfully challenge removal based on lack of unanimous consent only with respect to non-fraudulently joined defendants served or otherwise in receipt of the complaint by the time of removal").

The Court similarly rejects Plaintiffs' argument that the case should be remanded because the Biomet Defendants failed to comply with Local Rule 81-2.03(4) by not including a copy of Kindred's answer in the notice of removal. As Kindred was misjoined in the action, Plaintiffs' argument is not procedurally relevant. And the Court credits the Biomet Defendants' assertion that they had not been served with Kindred's answer at the time of removal.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to remand is **DENIED IN PART** and **GRANTED IN PART**. (Doc. No. 13.)

**IT IS FURTHER ORDERED** that Plaintiffs' products liability claims against Defendants Biomet, Inc., and Biomet Orthopedics LCC, are severed from Plaintiffs'

medical negligence claims against Defendants Kindred Hospitals East, LLC, and Mohammed Haque, M.D.

**IT IS FURTHER ORDERED** that Plaintiffs' products liability claims against Defendants Biomet, Inc., and Biomet Orthopedics, LCC, will remain in this Court.

**IT IS FURTHER ORDERED** that Plaintiffs' medical negligence claims against Defendants Kindred Hospitals East, LLC, and Mohammed Haque, M.D., are remanded to the Circuit Court of St. Louis County, Missouri.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 14th day of July, 2014.