UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PETER ROLFE and RHONDA ROLFE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:14CV00738 AGF |
| ) | |
| BIOMET, INC.; BIOMET ) | |
| ORTHOPEDICS, LLC; MOHAMMAD ) | |
| HAQUE, M.D.; and KINDRED ) | |
| HOSPITALS EAST, LLC, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This action is before the Court on Plaintiffs' motion for reconsideration of the Court's Memorandum and Order dated July 14, 2014, denying Plaintiffs' motion to remand the case to state court. For the reasons set forth below, the motion for reconsideration will be granted.

On February 24, 2014, Plaintiffs Peter Rolfe (citizen of Illinois) and Rhonda Rolfe (citizen of Missouri) filed this action in Missouri state court. As more fully explained in the Court's July 14, 2014 Memorandum and Order, Plaintiffs asserted product liability claims against Defendants Biomet, Inc., and Biomet Orthopedics, LLC, ("the Biomet Defendants") (citizens of Indiana),[1] and medical negligence claims against Defendants Kindred Hospital East ("Kindred") (a Delaware Corporation with its principal place of

---
[1] Plaintiffs alleged that the Biomet Defendants manufactured a reverse shoulder system that was implanted into Peter Rolfe's left shoulder on December 6, 2010, and that the shoulder system was defective and caused Peter Rolfe to undergo numerous additional surgeries which led to postoperative infections and medical bills in excess of $590,000.

business in Kentucky) and Mohammed Haque, M.D. (citizen of Missouri).[2] On April 14, 2014, the Biomet Defendants removed the action to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

The Biomet Defendants argued that the two sets of claims were fraudulently misjoined to defeat diversity jurisdiction. The Biomet Defendants argued that the Court should sever Plaintiffs' claims against Kindred and Haque from Plaintiffs' claims against the Biomet Defendants, and remand the claims against Kindred and Haque to state court due to the lack of complete diversity. On May 14, 2014, Plaintiffs moved to remand the entire case to state court.

In this Court's July 14, 2014 Memorandum and Order, the Court concluded that under the fraudulent misjoinder doctrine, as the Court predicted the doctrine would be applied by the Eighth Circuit using an "egregiously misjoined" standard, Plaintiffs' joinder of their products liability claims against the Biomet Defendants with their medical negligence claims against Kindred and Haque met the "egregiously misjoined" standard for fraudulent misjoinder. The Court severed the claims against the Biomet Defendants from the claims against Kindred and Haque and remanded the medical negligence claims to state court, while retaining jurisdiction over the products liability claims.

Upon reconsideration, the Court believes that joinder of the two sets of claims does not meet the "egregiously misjoined" standard for a finding of fraudulent

---

[2] Plaintiffs alleged that in February and March of 2012, Kindred and Haque committed medical negligence when they improperly prescribed for Lovenox, an anticoagulant indicated to help reduce the risk of developing deep vein thrombosis, to be injected into Peter Rolfe's left thigh muscle.

misjoinder. Under this standard, a federal court does not need to make a "judgment on whether the plaintiffs' claims are *properly* joined under Rule 20." *In re Prempro Prods. Liab. Litig.,* 591 F.3d 613, 623 (8th Cir. 2010) (citing *Johnson v. Glaxo Smith Kline,* 214 F.R.D. 416, 421 (S.D. Miss. 2002) (holding that the issue of "mere misjoinder" is more appropriately addressed to the state district court)). Rather, to be egregiously misjoined, the claims must have "'no real connection,'" *Id.* at 623 (quoting *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1360 (11th Cir. 1996)), such that the "misjoinder borders on a 'sham.'" *Id.* at 624 (quoting *Tapscott,* 77 F.3d at 1360).

Though it was not apparent from the complaint, upon review of all of the Plaintiffs' filings in the case, it appears there is a sufficient logical connection between Plaintiffs' products liability claims and medical negligence claims that it would not be egregious, applying Federal Rule of Civil Procedure 20 or Missouri Rule of Civil Procedure 52.05, to join the claims.[3] While there was a period of 14 months between the events that gave rise to the two sets of claims, there may well be overlapping damages between the products liability claims and medical negligence claims.

Furthermore, as Plaintiffs allege, Peter Rolfe's reverse shoulder system implant and his treatment by Kindred and Haque are causally related because Peter Rolfe would not have sought medical care from Haque but for the defective reverse shoulder system. Federal courts commonly have found joinder was proper based on injuries that "allegedly stem from two accidents that are alleged to be causally related." *Jacques v. Hyatt Corp.*,

---

[3] The Court need not decide whether to apply the federal or state joinder rule because they are identical in all significant respects. *See In re Prempro,* 591 F.3d 613 at 622.

No. C 11-05364 WHA, 2012 WL 3010969, at *3 (N.D. Cal. July 23, 2012); *see also Wilson v. Famatex GmbH Fabrik Fuer Textilausruestungsmaschinen,* 726 F. Supp. 950, 951-52 (S.D.N.Y. 1989).

As explained in the Court's Memorandum and Order dated July 14, 2014, to show egregiousness, the Biomet Defendants rely, in part, on Plaintiffs' previous lawsuit against the Biomet Defendants that was dismissed without prejudice. The Biomet Defendants argue that this history demonstrates that Plaintiffs added Haque to defeat complete diversity. The Court concludes that the history, while it may establish Plaintiffs' desire to have their state-law claims heard in state court, does not establish egregiousness. Due to the connection between Plaintiffs' claims against Haque and the Biomet Defendants, the Court finds that Plaintiffs' addition of claims against Haque is not a sham.

In sum, if the claims have been merely improperly joined, the "proper procedure" is for the Biomet Defendants "to argue that to the state court." *See In re Prempro*, 591 F.3d at 623-4.

Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiffs' motion for reconsideration is **GRANTED.** (Doc. No. 24.)

**IT IS FURTHER ORDERED** that the entire case is remanded to the Circuit Court for the County of St. Louis, State of Missouri.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 29th day of August, 2014.